FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   JUL 13 PM 1:56
JACKSONVILLE DIVISION
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
CASE NO.   JACKSONVILLE FLORIDA

JEFFREY TOTH and JOANNA TOTH,          3:12-CV-792-J-32JBT

    Plaintiffs,

v.

CARDWORKS SERVICING, LLC and
MERRICK BANK,

    Defendants                              /

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72. (hereafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Jeffrey Toth ("Mr. Toth") and Plaintiff, Joanna Toth ("Ms. Toth") (collectively "Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Flagler, and City of Palm Coast.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cardworks Servicing, LLC ("Cardworks") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7. Defendant Cardworks Servicing, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

8. Defendant, Merrick Bank ("Merrick") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by the FCCPA.

9. Defendant Merrick Bank is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Cardworks.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cardworks, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Cardworks uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with the collection of an alleged debt in default, Cardworks' agent-in-fact Merrick, placed a call to Plaintiffs' residential telephone on November 2, 2011 at 9:06 A.M.

14. During the telephone conversation on November 2, 2011, Ms. Toth spoke with Cardworks' agent and/or employee "Suzanne" and Ms. Toth read the following statement:

> "I have hired an attorney to determine the validity of certain debts. I can provide you with the contact information for my attorney. I am logging this telephone call and forwarding it to my attorney, who may use it as evidence in a law suit if necessary. If you can produce the original contract associated with this debt, I would be happy to provide it to my attorney."

15. During the telephone conversation on November 2, 2011, Suzanne told Ms. Toth that she was not interested in "[Ms. Toth's] speech," that she had "other calls to make," and that she "[couldn't] wait for ten minutes for [Ms. Toth]" to provide Plaintiffs' attorney's information.

16. Despite having actual knowledge of Plaintiffs' attorney's representation, and in connection with the collection of an alleged debt in default, Cardworks, itself and

on behalf of Merrick, sent written correspondence dated November 3, 2011, directly to Ms. Toth. *See* Exhibit "A."

17. In addition to providing verbal notification of representation, Plaintiffs, though their counsel, sent Cardworks written notice of representation date November 23, 2011. *See* Correspondence, attached hereto as Exhibit "B."

18. Despite having actual knowledge of Plaintiffs' attorney's representation, and in connection with the collection of an alleged debt in default, Merrick sent written correspondence dated May 7, 2012, directly to Ms. Toth, and in such correspondence, stated in relevant part as follows:

"Dear Joanne Toth,

This letter is in response to correspondence we received from you or from your debt relief agency regarding your above-referenced Merrick Bank credit card account. This is not an attempt to collect a debt - we are simply acknowledging that we received your letter and want to communicate what we are going to do as a result:

1. We will cease communication with you regarding your account; and
2. We will continue to report your account status to the credit reporting agencies each month.

From our experience, customers pursuing this course of action have either a legitimate dispute due to an error on their account or they are having difficulty meeting their obligations and want to negotiate special settlement or payment options. To take advantage of these programs or discuss your options, you or your agent must call our Account Restructure Team at our toll-free number, 1-877-487-5598, Monday through Thursday, 8:00 am to 5:00 pm Eastern Standard Time and Friday, 8:00 am to 12:00 pm Eastern Standard Time." *See* Correspondence, attached hereto as Exhibit "C."

19. In its written correspondence dated May 7, 2012, Merrick invited Ms. Toth to call in and "take advantage of these programs or discuss your options," and in doing

Case 3:12-cv-00792-TJC-JBT   Document 1   Filed 07/13/12   Page 5 of 8 PageID 5

so, was attempting to collect an alleged debt, despite its earlier statement claiming otherwise.

20. Plaintiffs' counsel did not consent to Defendants' direct communication with Plaintiffs.

21. At no time did Plaintiffs' counsel fail to respond within a reasonable period of time to a communication from Defendants.

22. Plaintiffs did not initiate the communication from Defendants.

23. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15. U.S.C. § 1692c(a)(2)
## DEFENDANT CARDWORKS

24. Plaintiffs repeat and re-allege each and every allegation contained above.

25. Cardworks violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs directly after learning that Plaintiffs were being represented by counsel, where Defendant had not yet made an attempt to contact Plaintiffs' counsel or had not given Plaintiffs' counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs' counsel, and where Plaintiffs' counsel had not given Defendant permission to contact Plaintiffs directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Cardworks violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA
## DEFENDANT CARDWORKS

26. Plaintiffs repeat and re-allege each and every allegation contained above.

27. Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs after Defendant knew that Plaintiffs are represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

28. As a result of Defendant's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, Jeffrey Toth and Joanna Toth, by and through their attorneys, respectfully pray for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiffs' attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## VIOLATIONS OF THE SECTION 559.72(18) OF THE FCCPA
## DEFENDANT MERRICK

29. Plaintiffs repeat and re-allege each and every allegation contained above.

30. Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiffs after Defendant knew that Plaintiffs are represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

31. As a result of Defendant's violations as aforesaid, Plaintiffs suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, Jeffrey Toth and Joanna Toth, by and through their attorneys, respectfully pray for judgment as follows:

7

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiffs' attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

32.   Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 11th day of July, 2012.

JEFFREY TOTH AND JOANNA TOTH

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFFS
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com